IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DEININGER & WINGFIELD, PA<br>and NEIL DEININGER<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE<br><br>    Defendant | )<br>)<br>)<br>)<br>)  No. 4:08-cv-0500-JLH<br>)<br>)<br>)<br>)<br>) |

## ANSWER

DEFENDANT, the Internal Revenue Service, by and through its attorneys, answers and responds to the plaintiffs' complaint as follows:

### FIRST DEFENSE

The Internal Revenue Service may withhold any responsive records or portions thereof that are exempt from disclosure pursuant to the exemptions contained in subsection (b) of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and in particular, exemption 5 U.S.C. § 552(b)(7)(E).

### SECOND DEFENSE

Plaintiffs are not entitled to any relief beyond that provided under the FOIA.

### THIRD DEFENSE

FOR ITS FURTHER DEFENSE, the Internal Revenue Service responds to the numbered

paragraphs of plaintiffs' complaint as follows:

    1.    The Internal Revenue Service admits the allegations contained in ¶ 1.

    2.    The Internal Revenue Service admits that to the extent jurisdiction exists, it exists under 5 U.S.C. § 552(a)(4)(B) as set forth in ¶ 2; it denies the court has jurisdiction under 28 U.S.C. § 1331 or venue under 28 U.S.C. § 1391(e).

    3.    The Internal Revenue Service admits the allegations contained in ¶ 3.

    4.    The Internal Revenue Service admits the allegations contained in ¶ 4.

    5.    The Internal Revenue Service admits the allegations contained in ¶ 5.

    6.    The Internal Revenue Service admits the allegations contained in ¶ 6 under the Governing Law section of the complaint.

    7.    The Internal Revenue Service admits the allegations contained in ¶ 7 under the Governing Law section of the complaint.

    8.    The Internal Revenue Service admits the allegations contained in ¶ 8 under the Governing Law section of the complaint.

    9.    The Internal Revenue Service admits the allegations contained in ¶ 6 under the Facts section of the complaint.

    10.    The Internal Revenue Service admits the allegations contained in ¶ 7 under the Facts section of the complaint.

    11.    The Internal Revenue Service admits the allegations contained in ¶ 8 under the Facts section of the complaint.

    12.    The Internal Revenue Service admits the allegations contained in ¶ 9,

except it denies the last sentence.

13. The Internal Revenue Service admits the allegations contained in ¶ 10; it avers, however, that the letter referenced therein was not signed by Gregory Turner as it was signed by Sharon Baker on behalf of Gregory Turner.

14. The Internal Revenue Service admits the allegations contained in ¶ 11; it avers, however, that the letter referenced in this paragraph was not signed by Marie A. Twang as it was signed by Sharon Baker on behalf of Marie A. Twang.

15. The Internal Revenue Service admits the allegations contained in ¶ 12.

16. The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegation contained in ¶ 13.

17. The Internal Revenue Service denies the clause "Having not received a return call from Sharon Baker." The Internal Revenue Service admits the remaining allegations contained in ¶ 14.

18. The Internal Revenue Service admits the allegations contained in ¶ 15.

19. The Internal Revenue Service admits the allegations contained in ¶ 16.

20. The Internal Revenue Service denies the allegations contained in ¶ 17.

21. The Internal Revenue Service admits the allegations contained in ¶ 18.

22. Paragraph 19 does not contain averments. Rather, it contains plaintiffs' request for relief, which does not require an answer; but to the extent it requires an answer, it is denied.

WHEREFORE, having fully responded to plaintiffs' complaint, the Internal

Revenue Service prays that this Court dismiss the complaint with prejudice, grant the Internal Revenue Service its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.


Date:  August 11, 2008                                    *Carmen M. Banerjee*
                                                              CARMEN M. BANERJEE
                                                              Trial Attorney, Tax Division
                                                              U.S. Department of Justice
                                                               P.O. Box 227
                                                              Ben Franklin Station
                                                               Washington, DC 20044
                                                               202 307-6423
                                                               carmen.m.banerjee@usdoj.gov


Of Counsel:
JANE DUKE
United States Attorney

3489851.1