## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DEININGER & WINGFIELD, P.A.;                                                        PLAINTIFFS
and NEIL DEININGER

v.                                    No. 4:08CV00500 JLH

INTERNAL REVENUE SERVICE                                                            DEFENDANT

### OPINION AND ORDER

On July 24, 2009, the Court held that the plaintiffs are entitled to recover attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E). The Court directed that the plaintiffs file an itemized request for the claimed fees within fourteen days of entry of the order, and set a date after which the Internal Revenue Service would respond. The plaintiffs have filed their itemized request, the IRS has responded, and the plaintiffs have replied. The plaintiffs request fees and miscellaneous costs totaling $27,784.59. The IRS contends that that amount is excessive.

### I.

The starting point in determining the reasonableness of a request for attorneys' fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). In determining the reasonableness of the fee request, the Court may consider the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Hensley*, 461 U.S. at 430, 103 S. Ct. at 1937 n.3. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the

>   nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*; *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). The Court should exclude hours that were not reasonably expended. *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939; *Wheeler*, 348 F.3d at 754.

>   Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40. After the lodestar calculation, other considerations, including the results obtained, may make it appropriate to adjust the fee upward or downward. *Id.*, 461 U.S. at 434, 103 S. Ct. at 1940. The Court may consider whether the prevailing party achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Id.*

**II.**

This case arose from a Freedom of Information Act request to the IRS for materials disseminated to IRS officers assigned to Arkansas at a training session held in Tulsa, Oklahoma, on August 27-31, 2007. As previously noted in the opinion entered on July 24, 2009, after a lengthy and unjustified delay by the IRS in responding to the FOIA request, the plaintiffs commenced this action. Soon after they commenced this action, the IRS provided the requested documents. The parties then notified the Court that all of the issues had been resolved other than the request for attorneys' fees.

The request for fees includes a request for 12.4 hours for Neil Deininger at an average rate of $390.73 for a total of $4,845.00; 5.90 hours for Reba Wingfield at the rate of $400.00 per hour for a total of $2,360.00; 3.1 hours for Amy Hall at the average rate of $291.94 for a total of $905.00; and 82.30 hours for Nicolas Corry at the average rate of $234.28 for a total of $19,281.50. In addition, the plaintiffs seek expenses totaling $393.09. Of that sum, $350.00 constitutes the filing fee for this matter, and the remainder consists of postage and Pacer fees.

This is not a case that required four lawyers, nor is it a case that required specialized expertise. The issues were neither novel nor difficult. An unusually high level of skill was not required. The case could have been handled by one young attorney capable of performing legal research and writing briefs. Most of the work, in fact, was handled by one young attorney, Nicolas Corry. Corry expended, as noted, a total of 82.30 hours in this case. The hours expended by the more experienced lawyers appear unnecessary.

The burden is on the moving party to provide evidence supporting the rate claimed. *Wheeler*, 348 F.3d at 754. Although it may be that a lawyer with Corry's experience engaged in a tax practice in Central Arkansas can command an hourly rate exceeding $200, this case did not demand the services of a tax attorney. Instead, it needed only the services of a lawyer who could research issues relating to the Freedom of Information Act and write briefs. In another case, the Court awarded fees to an attorney with similar experience at the rate of $125 per hour. *See Lowry v. Watson Chapel Sch. Dist.*, 2007 WL 4563430 (E.D. Ark., December 20, 2007). In that case, the Court found that the hourly rate of $125 was reasonable for an attorney named Rebekah J. Kennedy, who was admitted to practice in Arkansas in 2004 and who participated in that case in 2006 and 2007. Here, Corry was admitted to practice in Arkansas in 2006, and he worked on this matter in 2008 and 2009. Kennedy

practiced law in Fort Smith, where the average hourly rates would be less than in Little Rock, but the case in which she appeared involved trial skills and constitutional issues that made it more challenging than the instant case, which required only legal research and writing briefs. Therefore, the Court believes that the hourly rate of $125 would be a reasonable hourly rate for the work performed by Corry in this instance. *Cf. Wheeler*, 348 F.3d at 754.

Calculating the lodestar then, 82.30 hours multiplied by $125 per hour would result in a fee of $10,287.50. Although the plaintiffs prevailed in this case, the outcome nevertheless does not justify a fee of $10,287.50. Corry is an associate in the law firm that he represented in this case, so his client did not actually pay attorneys' fees out of pocket. That fact in this case cannot preclude an award of reasonable attorneys' fees; however, no reasonable person who had to pay attorneys' fees out of his own pocket would be willing to pay $10,000 to obtain the documents that were requested in this case, and in fact the prevailing party apparently has not paid attorneys' fees out of pocket. There was no reason to believe when this action commenced that the materials distributed to IRS agents in Tulsa in August 2007 would have any significant value, and, as it turned out, the documents proved to be worthless. Even without the benefit of hindsight, looking at the FOIA request from the standpoint of a reasonable person at the time this action was commenced, the Court does not believe that a reasonable person would have agreed to spend any substantial sum of money to obtain the documents. In view of the result sought (which was to obtain documents that likely would have little or no value) and the result obtained (which was the obtaining of documents that have no value), the Court has concluded that an appropriate fee could not exceed $2,500. Therefore, attorneys' fees will be awarded to the plaintiffs in the amount of $2,500, plus the filing fee of $350,

for a total of $2,850. The request for reimbursement for postage and PACER fees is denied because those items are overhead. A judgment will be entered separately.

IT IS SO ORDERED this 18th of September, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE